**Marquis Aurbach Coffing**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
Jackie V. Nichols, Esq.
Nevada Bar No. 14246
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
jnichols@maclaw.com
  *Attorneys for Defendants, LVMPD;*
  *Joe Lepore; Jason Hahn; and*
  *Darren Heiner*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT FRIEDMAN, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA; GENE M. TIERNEY, individually and in his official capacity as an FBI Agent; MATTHEW A. ZITO, individually and in his official capacity as an FBI Agent; THAYNE A. LARSON, individually and in his official capacity as an FBI Agent; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JOE LEPORE, P#6260, individually and in his official capacity as an officer of the LAS VEGAS METROPOLITAN POLICE DEPARTMENT; DARREN HEINER, P#2609, individually and in his official capacity as an officer of the LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JASON HAHN, P#3371, individually and in his official capacity as an officer of the LAS VEGAS METROPOLITAN POLICE DEPARTMENT; TALI ARIK, an individual; JULIE BOLTON, an individual; and ARIK VENTURES, an entity formed by Tali Arik,<br><br>　　　　　　　Defendants. | Case No.: 2:18-cv-00857-JCM-VCF<br><br>**LVMPD DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

/ / /

/ / /

**LVMPD DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, the Las Vegas Metropolitan Police Department (the "Department" or "LVMPD"), Joe Lepore ("Lepore"), Jason Hahn ("Hahn"), and Darren Heiner ("Heiner"), collectively ("LVMPD Defendants"), by and through their counsel of record, Nick D. Crosby, Esq. and Jackie V. Nichols, Esq., of the law firm of Marquis Aurbach Coffing, hereby answer Plaintiff's Complaint as follows:

1. In answering Paragraphs 1-13, 19, 21-95; 97-142, 144-184, 186-187, 189-192, 194, 196- 206, 208-209, 211-212, 214-218, 221, 227-236, 239-252, 254-255, 257-258, 261-264, 267, 269, 273, 286-288, 297-298, 301-302, 304- 312, 314-319, 321-328, 330-338, 356-362, 364-372, 374-382, 384-397, and 426-430 of Plaintiff's Complaint, LVMPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, deny the same.

2. In answering Paragraphs 14, 18, 20, 96, 207, 220, 225, 237, 284, 285, of Plaintiff's Complaint, LVMPD Defendants admit the allegations contained therein.

3. In answering Paragraph 15 of Plaintiff's Complaint, LVMPD Defendants admit that Darren Heiner is and was at all times relevant to this action a resident of Clark County, Nevada and that he was an officer and/or employee of the LVMPD until December 7, 2015. LVMPD Defendants deny the remaining allegations contained therein.

4. In answering Paragraph 16 of Plaintiff's Complaint, LVMPD Defendants admit that Jason Hahn is and was at all times relevant to this action a resident of Clark County, Nevada and that he was an officer and/or employee of the LVMPD until December 30, 2013. LVMPD Defendants deny the remaining allegations contained therein.

5. In answering Paragraph 17 of Plaintiff's Complaint, LVMPD Defendants admit that it was the employer of Lepore at all times relevant to this action, the employer of Heiner until December 7, 2015, and the employer of Hahn until December 30, 2013. LVMPD Defendants deny the remaining allegations contained therein.

MAC:14687-148 3417256_1 7/23/2018 9:46 AM

6. In answering Paragraph 143 of Plaintiff's Complaint, LVMPD Defendants admit that on August 23, 2011, Arik and his attorney Jesse Sbaih, prepared and filed a civil complaint in the Eighth Judicial District Court against the LVMPD, Friedman, McClain, and numerous others, but LVMPD Defendants deny the remaining allegations contained therein.

7. In answering Paragraph 185 of Plaintiff's Complaint, LVMPD Defendants admit that Friedman, as a result of the complaint filed in the 647122 Case, was investigated by LVMPD, but deny the remaining allegations contained therein.

8. In answering Paragraph 193 of Plaintiff's Complaint, LVMPD Defendants admit that Arik disseminated a letter to Sheriff Doug Gillespie of the LVMPD, but deny the remaining allegations contained therein.

9. In answering Paragraph 195 of Plaintiff's Complaint, LVMPD Defendants admit that the letter it received, dated December 5, 2011 to Sheriff Doug Gillespie, contained the allegations enumerated in subsections a through m, but deny the remaining allegations contained therein.

10. In answering Paragraph 210 of Plaintiff's Complaint, LVMPD Defendants admit that Friedman was investigated by LVMPD, but deny the remaining allegations contained therein.

11. In answering Paragraph 221 of Plaintiff's Complaint, LVMPD Defendants admit that Friedman was investigated by LVMPD, but deny the remaining allegations contained therein.

12. In answering Paragraph 224 of Plaintiff's Complaint, LVMPD Defendants admit that LVMPD opened an investigation in Friedman, but deny the remaining allegations contained therein.

13. In answering Paragraph 226 of Plaintiff's Complaint, LVMPD Defendants admit that at the December 10, 2011 meeting, Arik made the statements contained in subsections a through d, but deny the remaining allegations contained therein.

MAC:14687-148 3417256_1 7/23/2018 9:46 AM

14. In answering Paragraph 238 of Plaintiff's Complaint, LVMPD Defendants admit that at the January 11, 2012 meeting, Bolton made the statements contained in subsections a through b, but deny the remaining allegations contained therein.

15. In answering Paragraph 253 of Plaintiff's Complaint, LVMPD Defendants admit that Friedman retired for medical reasons on August 8, 2012, but deny the remaining allegations contained therein.

16. In answering Paragraph 256 of Plaintiff's Complaint, LVMPD Defendants admit that LVMPD's investigation was initiated because of Arik's complaint in the 6471212 Case, but deny the remaining allegations contained therein.

17. In answering Paragraph 283 of Plaintiff's Complaint, LVMPD Defendants admit that Friedman filed a civil complaint seeking declaratory judgment requiring the LVMPD to issue him his permit and credentials, which Friedman stipulated to dismiss with prejudice, but deny the remaining allegations contained therein.

18. In answering Paragraphs 188, 213, 219, 223, 259, 260, 265, 266, 268, 270, 271, 272, 274-282, 289-296, 299, 301, 303, 340-346, 348-354, 399-406, 408-412, 414-418, and 420-424 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

19. In answering Paragraphs 313, 320, 329, 339, 347, 355, 363, 373, 383, 398, 407, 419, and 425 of Plaintiff's Complaint, Defendants repeat and reallege each and every response thereto.

20. Any allegations not specifically responded to herein are expressly denied.

**AFFIRMATIVE DEFENSES**

1. The Plaintiff failed to state a claim upon which relief can be granted for which damages may be awarded.

2. The Plaintiff failed to demonstrate personal participation on the part of the individual Defendants.

3. Plaintiff's claims are barred by the statute of limitations.

MAC:14687-148 3417256_1 7/23/2018 9:46 AM

4. Plaintiff's suit fails to state a claim for relief as he failed to allege a violation of a right, privilege, or immunity secured by the United States Constitution or by the laws of the United States.

5. LVMPD did not enact or promulgate any policy, statute, ordinance or custom, policy or procedure which denied or abridged any of the Plaintiff's constitutional rights.

6. The damage sustained by the Plaintiff, if any, were caused by the acts of third persons who were not agents, servants, or employees of the LVMPD Defendants and who were not acting on behalf of the LVMPD Defendants in any manner or form, and, as such, the LVMPD Defendants are not liable in any manner to the Plaintiff.

7. The complained of acts of the LVMPD Defendants were justified and privileged under the circumstances.

8. At all times mentioned in Plaintiff's Complaint, the LVMPD Defendants acted in good faith belief that their actions were legally justifiable.

9. Plaintiff's Complaint concerns a discretionary function of the LVMPD Defendants for which these LVMPD Defendants are immune.

10. The Plaintiff's claims of constitutional violations are unsupported in both fact and law, as Plaintiff has not alleged a sufficient basis from which a constitutional interest might arise in conjunction with the alleged actions.

11. To the extent Plaintiff's causes of actions against the LVMPD Defendants sound in negligence, no recovery can be predicated upon 42 USCA § 1983.

12. The LVMPD Defendant officers are protected by the doctrine of qualified immunity.

13. LVMPD Defendants acted without malice and with probable cause.

14. LVMPD Defendants have not acted in concert with any person with the intent to accomplish an unlawful objective and/or for the purpose of harming Plaintiff.

MAC:14687-148 3417256_1 7/23/2018 9:46 AM

15. LVMPD Defendants have not acted with another to commit a tort while acting in concert or pursuant to common design.

16. LVMPD Defendants have not assisted or encouraged another's conduct in breaching a duty to Plaintiff.

17. LVMPD Defendants did not act with extreme and outrageous conduct with the intention of, or reckless disregard for, causing emotional distress.

18. Plaintiff cannot recover punitive or exemplary damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression or fraud. Plaintiff is not entitled to recover punitive or exemplary damages herein under any of the claims of relief alleged as none of the LVMPD Defendants' supervisors, directors or managing agents committed the alleged malicious, fraudulent or oppressive acts, authorized to ratify such wrongful conduct or had advanced knowledge of the unfitness of any employee(s) who allegedly committed the acts and did not employ such person(s) with conscience disregard for the higher safety of others.

19. The claims and each of them are barred by Plaintiff's failure to plead those claims with particularity.

20. Defendants assert that they may have further and additional affirmative defenses, the nature of which cannot be determined until such time as it has an opportunity to engage in discovery. Therefore, Defendants incorporate all affirmative defenses stated or contemplated by Rule 8(c) of the Federal Rules of Civil Procedure, as if fully sets forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Defendants prays for judgment to be entered as follows:

1. That Plaintiff take nothing by virtue of his Complaint on file herein and that the same be dismissed with prejudice;

2. For an award of reasonable attorneys fees and costs of suit incurred in the defense of this action; and

MAC:14687-148 3417256_1 7/23/2018 9:46 AM

3. For any such other and further relief as the Court may deem just and proper in the proceedings.

Dated this 23rd day of July, 2018.

MARQUIS AURBACH COFFING

By /s/ Jackie V. Nichols
Nick D. Crosby, Esq.
Nevada Bar No. 8996
Jackie V. Nichols, Esq.
Nevada Bar No. 14246
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendants, LVMPD; Joe Lepore; Jason Hahn; and Darren Heiner*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-148 3417256_1 7/23/2018 11:00 AM

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **LVMPD DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 23rd day of July, 2018.

☒   I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Lisa A. Rasmussen, Esq.
Law Office of Lisa Rasmussen, P.C.
610 South 10th Street, Suite 100
Las Vegas, Nevada 89101
Lisa@LRasmussenLaw.com

Melanie A. Hill, Esq.
Law Office of Melanie Hill
9345 W. Sunset Road, Suite 100
Las Vegas, Nevada 89148
Melanie@MelanieHillLaw.com

*Attorneys for Plaintiff, Scott Friedman*

☐   I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

*/s/ Suzanne Sayre*
An employee of Marquis Aurbach Coffing

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 8 of 8

MAC:14687-148 3417256_1 7/23/2018 9:46 AM