1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SCOTT FRIEDMAN,

                     Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

                     Defendants.

2:18-cv-00857-JCM-VCF

**<u>ORDER</u>**

MOTION TO STAY DISCOVERY [ECF No. 58]

Before the Court is Defendants Gene Tierney, Matthew Zito, and Thayne Larson's ("the FBI agents") Motion to Stay Discovery. (ECF No. 58). For the reasons discussed below, the FBI agents' motion is granted in part.

**BACKGROUND**

Plaintiff Scott Friedman's complaint alleges malicious prosecution in a criminal case where he was a defendant: *USA v. McClain et al.*, 2:14-cr-00298. Friedman asserts that two private individuals, Tali Arik and Julie Bolton, conspired with agents and officers in the FBI and Las Vegas Metropolitan Police Department ("LVMPD") to wrongfully prosecute Friedman. (ECF No. 1). Specifically, Arik made false statements about Friedman that the FBI and LVMPD acted on in indicting Friedman, despite knowing that the statements were false. (*Id*. at 60-61). The FBI agents also concealed an exculpatory statement by Arik from Friedman until the eve of trial. (*Id*. at 71-72). *McClain* was subsequently voluntarily dismissed by the Government. (*Id.* at 17). Friedman now brings claims against the United States, FBI agents, LVMPD and officers, Arik, and Bolton. (*Id*. at 4-5). The claims are brought under the Federal Tort Claims Act, *Bivens*, § 1983, and state law. (*Id*. at 73-94).

On August 16, 2018, the FBI agents filed a motion to dismiss the complaint. (ECF No. 55). They generally argue that "1) an implied judicially-created 'Bivens' remedy is not permissible in the circumstances described in the complaint and, alternatively, 2) these defendants' qualified immunity shields each of them from any such liability." (*Id*. at 1). On August 21, 2018, the FBI agents filed a motion to stay discovery pending the outcome of their motion to dismiss. (ECF No. 58). The Court granted the FBI agents' motion to defer the Rule 26(f) scheduling conference and submission of a scheduling order until after the Court has ruled on the motion to stay. (ECF No. 64).

All of the other Defendants have filed joinders to the motion to stay discovery. (ECF Nos. 63, 65, 66, 67). However, the joinders do not contain any substantive analysis of why a stay should be granted halting discovery relevant to claims against or defenses of Defendants other than the FBI agents. Though all of the other Defendants except LVMPD and its officers have filed motions to dismiss (ECF Nos. 39, 54, 56), no other Defendants have filed a motion to stay discovery.

The Court held a hearing on the motion to stay on October 2, 2018. (ECF No. 89). In their motion and at the hearing, the FBI agents argued that "[d]iscovery should not be allowed until the threshold questions of qualified immunity have been resolved." (ECF No. 58 at 3). The FBI agents noted that "[t]he Supreme Court in *Iqbal* endorsed a complete stay of all discovery as to all defendants (even those who had not raised immunity-based defenses.)" (*Id.* at 5). In response, Friedman argued "the FBI Agent Defendants has not met their burden to show good cause by demonstrating harm or prejudice that will result from discovery commencing before the Court rules on their motion to dismiss." (ECF No. 81 at 9). Friedman also asserted that discovery should not be stayed as to all Defendants because the FBI agents' arguments in their motion to dismiss and motion to stay are inapplicable to the other Defendants. (*Id.*).

## ANALYSIS

The Court must first emphasize that it is only considering the FBI agents' motion to dismiss in ruling on the motion to stay discovery. Though there are several pending motions to dismiss (ECF Nos.

39, 54, 56), none of the other Defendants filed motions to stay discovery associated with the other motions to dismiss. In addition, the other Defendants' joinders to the FBI agents' motion to stay (ECF Nos. 63, 65, 66, 67) do not mention, much less analyze, any other motion to dismiss.

The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). Whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.

The FBI Agents' motion to stay largely relies on the arguments made in their motion to dismiss regarding qualified immunity. (*See* ECF No. 55 at 18-23). "Courts have held that 'threshold immunity question[s]' should be decided before the parties engage in discovery." *Id.* at 506-07; *see also Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert*, 500 U.S. at 236 (KENNEDY, J., concurring in judgment)).

The Court agrees with the FBI agents that the legal authority supports staying discovery specifically as to the FBI agents in this case. The FBI agents' motion to dismiss raises the issue of qualified immunity, which the Court must resolve prior to allowing discovery into evidence relevant to claims against the FBI agents and their defenses.

However, the Court finds that discovery does not need to be entirely stayed as to all Defendants in this case. The Supreme Court has implied in dicta[1] that when one defendant raises the issue of immunity, discovery should be stayed as to all defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) ("It is no

---

[1] The Court in *Iqbal* was ruling on a motion to dismiss under Federal Rule of Civil Procedure 8's pleading standards. 556 U.S. at 680. The Court stated that, "We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery. … Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Id.* at 686.

answer to [the burden on parties asserting immunity] to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process."). However, neither the District of Nevada nor the Ninth Circuit has accepted *Iqbal*'s dicta as binding.

The Court finds that it can "exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery," *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998), without entirely staying discovery in this case. Friedman argued at the hearing that some discovery was needed to address arguments raised in the pending motions to dismiss, including the FBI agents' motion to dismiss, such as the grand jury transcript in *McClain*. Even if the FBI agents are personally immune from suit, several of the claims against the other Defendants revolve around the FBI agents' conduct. (*See* ECF No. 1 at 73-74, 80-82, 89-91). The FBI agents are critical fact witnesses in this case, making them subject to depositions and possibly other disclosures, even if their motion to dismiss were granted. The Court also notes that the same attorney, Mr. Addington, represents the United States and FBI agents in this case.

To balance the need for discovery with the need to protect the FBI agents from unnecessary discovery, the Court will allow discovery to proceed with limitations. First, no discovery may be requested or produced from any party that relates *solely* to the claims brought against the FBI agents or their defenses. Second, the FBI agents will be treated only as third-party witnesses during discovery until their motion to dismiss is resolved. Pending further order of the Court, the FBI agents are not required to attend the Rule 26(f) conference, participate in submitting a discovery plan and scheduling order, or fulfill other discovery obligations of Defendants at this time.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the FBI agents' Motion to Stay Discovery (ECF No. 58) is GRANTED IN PART as outlined above.

1         IT IS FURTHER ORDERED that all parties except the FBI agents must participate in a Rule 26(f)

2    scheduling conference by November 5, 2018 and submit a discovery plan and scheduling order by

3    November 19, 2018.

4

5         DATED this 4th day of October, 2018.

6    

7                            _____
                             CAM FERENBACH

8                            UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25