1   LISA A. RASMUSSEN, ESQ.
    Nevada Bar No. 7491
2   **LAW OFFICE OF LISA RASMUSSEN, P.C.**
    601 South 10th Street, Suite #100
3   Las Vegas, NV 89101
    Tel.   (702) 471-1436
4   Fax.   (702) 489-6619
    Email: Lisa@LRasmussenLaw.com
5
6   MELANIE A. HILL, ESQ.
    Nevada Bar No. 8796
7   **MELANIE HILL LAW PLLC**
    520 S. 7th Street, Suite A
8   Las Vegas, NV  89101
    Tel.    (702) 362-8500
9   Fax.   (702) 362-8505
    Email:  Melanie@MelanieHillLaw.com
10
11  *Attorneys for Plaintiff Scott Friedman*

12

13              **UNITED STATES DISTRICT COURT**

14                  **DISTRICT OF NEVADA**

15

| | |
|---|---|
| 16  SCOTT FRIEDMAN, an individual, | Case No. 2:18-CV-000857-JCM-VCF |
| 17              Plaintiff, | **STIPULATION AND ORDER** |
| 18 | **REGARDING CONFIDENTIALITY** |
| 19       v. | |
| 20  UNITED STATES OF AMERICA; GENE M. | |
| 21  TIERNEY, individually and in his official | |
|     capacity as an FBI Agent; MATTHEW A. | |
| 22  ZITO, individually and in his official capacity as | |
|     an FBI Agent; THAYNE A. LARSON, | |
| 23  individually and in his official capacity as an | |
| 24  FBI Agent; LAS VEGAS METROPOLITAN | |
|     POLICE DEPARTMENT; JOE LEPORE, | |
| 25  P#6260, individually and in his official capacity | |
| 26  as an officer of the LAS VEGAS | |
|     METROPOLITAN POLICE DEPARTMENT; | |
| 27  DARREN HEINER, P#2609, individually and in | |
| 28  his official capacity as an officer of the LAS | |
|     VEGAS METROPOLITAN POLICE | |

                              1

DEPARTMENT; JASON HAHN, P#3371, individually and in his official capacity as an officer of the LAS VEGAS METROPOLITAN POLICE DEPARTMENT; TALI ARIK, an individual; JULIE BOLTON, an individual; and ARIK VENTURES, an entity formed by Tali Arik,

Defendants.

## STIPULATION AND ORDER REGARDING CONFIDENTIALITY

The parties to this action expect that they might make information described in Fed. R. Civ. P. 26 (a), including Confidential Information, as defined below, available to each other in the course of this proceeding ("Action"). The parties to this Action also expect that they might receive Confidential Information from non-party witnesses. In order to provide reasonable protection for such information, and in consideration of the parties' mutual obligations under this Stipulation and Order Regarding Confidentiality ("Protective Order"), the parties agree as follows:

1.      This Protective Order shall apply to all non-public information, documents and things subject to formal discovery or otherwise submitted to the Court in this action, which are owned or controlled by a party or non-party and reasonably believed by that party or non-party to contain its trade secrets or other confidential research, development, commercial or personal information, including, without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents produced, information obtained from inspection of premises or things, and answers to requests for admission. The term "CONFIDENTIAL MATERIAL(S)" shall include all the foregoing and all information, documents and things derived therefrom, including but not limited to copies, summaries or abstracts thereof.

2.    The producing party or non-party ("Producing Person") shall label or mark documents and things that it reasonably deems to be CONFIDENTIAL MATERIALS with the legend "CONFIDENTIAL" on each page of such document at the time of production or copying.    Where large numbers of documents are produced for inspection by the Producing Person, the Producing Person may produce them with a written statement that the information contained in the documents is confidential and then specifically label or mark each page of the document "CONFIDENTIAL" at the time that a copy of the document is provided to the requesting party to indicate that document is "CONFIDENTIAL" or the specific pages of the document to indicate that only portions of the document are "CONFIDENTIAL."    The designation of any information, documents, or things as CONFIDENTIAL shall constitute a representation that counsel, in good faith, believes that the item so designated contains CONFIDENTIAL MATERIAL as that term is defined herein.

3.    As to depositions upon oral examination, counsel may designate at the outset of the deposition or during the course of the deposition by making a statement on the record that certain testimony of the witness, including the deposition transcript and/or exhibits shall be deemed CONFIDENTIAL.    If no designation was made on the record, counsel shall have thirty (30) days after the receipt by counsel of record of the transcript of the deposition to designate any portion of the deposition transcript including exhibits as CONFIDENTIAL and to notify all parties and counsel of record of such designation.    The deposition transcript may only be shown to the persons specified in paragraph 5 during the 30-day review period.    If no such designation is made within that 30-day period, the entire transcript of the deposition shall be deemed to be non-confidential.

4.    Unless otherwise stipulated in writing by all parties to this Protective Order and approved by the Court or unless otherwise ordered by the Court, CONFIDENTIAL MATERIALS shall be used solely for the purpose of the Action (which includes a motion to compel filed by a party to the Action in a non-Nevada court) or a malpractice suit that arises

out of the Action, and not for any other purpose, and shall not be disclosed to any persons other than those specified in paragraph 5 below without the prior written consent of the Producing Person, or an order of the Court.

    5.     Access to CONFIDENTIAL MATERIALS or dissemination thereof shall be limited to the following, unless and until this Court rules that there may be further disclosure:

(a) The Court and all Court personnel (including all court reporters employed by or through the Court) so long as the CONFIDENTIAL MATERIALS are filed under seal in accordance with Paragraph 8 below, and all mediators;

(b) Private court reporters and other service personnel (such as photocopying companies) employed in connection with this action who have agreed to keep such material confidential;

(c) The parties, to the extent deemed necessary by counsel for that party, for the prosecution, defense, or settlement of this action;

(d) Outside attorneys for the parties and employees in those law firms whose functions require access to CONFIDENTIAL MATERIALS in this proceeding;

(e) Consultants, expert witnesses and other persons employed by counsel of record in this action who agree to abide by the terms of this protective order pursuant to Paragraph 6, below;

(f) Persons whom counsel reasonably believes to be the authors, senders, addressees, and copy recipients of, persons mentioned in such CONFIDENTIAL MATERIALS, current or former employees of the Producing Person and other persons with knowledge relating to the information contained therein so long as (i) those persons have been identified in Rule 26(a) disclosures (or amendments thereto) and (ii)

4

have agreed to abide by the terms of this Protective Order pursuant to Paragraph 6, below;

    (g)    Witnesses at depositions subject to the provisions in Paragraph 3 above; and

    (h)    Anyone else to whom the Producing Party agrees to permit disclosure or the Court orders upon a showing of reasonable cause and subject to such protections as the Court may order.

6.    If any party or attorneys for any party intend to disclose material which has been designated "CONFIDENTIAL" to persons described in Paragraphs 5(e) or 5(f) in the preparation of the case, such persons shall first be required to execute a Consent to Be Bound by Protective Order annexed hereto before allowing that person access to discovery materials protected by this Protective Order.  The executed Consent to Be Bound By Protective Order need not be disclosed to the opposing party but must be kept in the files of the attorney for the party for whose benefit the person's access to the materials is required and made available for review upon a showing of good cause.

7.    These restrictions may be altered or supplemented only by written stipulation between the parties filed with and approved by the Court or by order of the Court on motion.

8.    If CONFIDENTIAL MATERIALS are to be filed with the Court in connection with any proceedings herein, they shall be filed with the Clerk of the Court in sealed envelopes prominently marked with the caption of the case and the following notice:

**FILED UNDER SEAL**

THIS ENVELOPE CONTAINS CONFIDENTIAL DOCUMENTS SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED EXCEPT AS DIRECTED BY THE COURT.

The Clerk of the Court is directed to maintain the confidentiality of any documents and transcripts of testimony filed in accordance with the above. Where reasonably possible, only CONFIDENTIAL portions of the filings with the Court shall be under seal. To the extent that the requirements of Paragraph 8 are inconsistent with ^(with Ninth Circuit precedent or) any applicable local rules concerning the filing of materials under seal, then the local rules shall govern.

9.      The acceptance of information, documents or things designated as CONFIDENTIAL MATERIALS by any party shall not constitute an admission or concession, permit any inference, or create a presumption that any such designation is in fact merited or appropriate. Any party challenging a CONFIDENTIAL designation shall designate in writing to the Producing Person those portions of the information, documents and things challenged as improperly designated and may, after conferring in good faith with opposing counsel, move the Court for an order that the designated information, documents or things shall not be accorded the protection for which the Producing Person has designated them. If such a motion is made, nothing herein shall alter any burden of proof that would otherwise apply in determining whether the subject information, documents or things are within the scope of Federal Rule of Civil Procedure 26(c), *i.e.*, the party asserting that materials are confidential bears the burden of demonstrating that the materials are confidential. Any information, documents or things as to which such a motion is served shall be accorded the protection for which they have been designated until the motion is determined, and if the motion is denied, for as long as the order denying the motion remains in effect.

10.     In the event of an inadvertent disclosure of CONFIDENTIAL MATERIALS by any party to this agreement, the parties agree that no privileges will be waived where the Producing Party promptly notifies the other party of the inadvertent disclosure within a reasonable period of time following discovery of the inadvertent disclosure. Upon notification, the receiving party shall promptly return or destroy the requested CONFIDENTIAL MATERIALS and any copies thereof.

6

11.     This Protective Order shall not prevent or prejudice any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing with the other party to a modification of this Protective Order, subject to the approval of the Court.

12.     Within thirty (30) days after final termination of this Action, either by settlement or a final judgment from which no further appeal may be taken, counsel and/or parties who have received CONFIDENTIAL MATERIALS shall either (a) return all CONFIDENTIAL MATERIALS including all copies, abstracts, or summaries thereof, or documents containing information taken therefrom, but excluding court papers or exhibits or any materials which in the judgment of receiving counsel are work product materials of said counsel in its possession, custody, or control, to counsel for the party who has provided them in discovery or (b) shall certify destruction thereof.

13.     This Protective Order shall not be construed as an agreement by any person to produce or supply any document, or as a waiver by any person of his right to object to the production of any document, or as a waiver of any claim of privilege with regard to the production of any document.

14.     The parties agree and acknowledge that this Protective Order will continue in force after the termination of this Action.

15.     The provisions of this Protective Order shall apply to (a) the parties to this action including, but not limited to, their employees, officers, directors, agents, representatives, subsidiaries, affiliates, related entities, assigns, successors-in-interest and any individuals or companies retained by any of the parties; (b) court reporters; and (c) any person, including the named parties and any others, who agrees to be bound by this Protective Order.

16.     Each person who receives any CONFIDENTIAL MATERIALS hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Protective Order.

7

17.     Nothing in this Protective Order shall preclude any party herein, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this Action, if such information is lawfully obtained from a third party having the right to disclose such information even though the same information or documents may have been produced in discovery in this Action as CONFIDENTIAL MATERIALS.

DATED this 9th day of November, 2018.

CASTRONOVA LAW OFFICES, PC

By: /s/ Stephen G. Castronova
    STEPHEN G. CASTRONOVA
    Nevada Bar No. 7305
    Attorney for Defendant Julie Bolton

MELANIE HILL LAW PLLC

By: /s/ Melanie A. Hill
    MELANIE A. HILL
    Nevada Bar No. 8796
    Attorney for Plaintiff Scott Friedman

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI

By: Thomas D. Dillard, Jr.
    THOMAS D. DILLARD, JR.
    Nevada Bar No. 6270
    Attorney for Defendant Julie Bolton

LAW OFFICE OF LISA RASMUSSEN, P.C.

By: /s/ Lisa A. Rasmussen
    LISA A. RASMUSSEN
    Nevada Bar No. 7491
    Attorney for Plaintiff Scott Friedman

DAYLE ELIESON
UNITED STATES ATTORNEY

By: /s/ Greg Addington
    GREG ADDINGTON
    Nevada Bar No. 6875
    Assistant U.S. Attorney
    Attorney for Defendants United States
    of America, Gene M. Tierney,
    Matthew Zito and Thayne Larson

MARQUIS AURBACH COFFING

By: /s/ Jackie Nichols
    JACKIE NICHOLS
    Nevada Bar No.

    Attorneys for LVMPD, Jason Hahn,
    Darren Heiner and Joe Lepore

SBAIH & ASSOCIATES                    EMERSON LAW GROUP


By: /s/ Jesse M. Sbaih_____        By: /s/ Philli R. Emerson _____
JESSE M. SBAIH                        PHILLIP R. EMERSON
Nevada Bar No. 7898                   Nevada Bar No. 5940
Attorneys for Tali Arik              Attorneys for Tali Arik
& Arik Ventures



**IT IS SO ORDERED:**

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

                        Novmber 13, 2018
DATED: _____

# CONSENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby certifies that he or she has read the Protective Order in *Scott Friedman v. United States of America, et al.* and agrees to be bound by the terms of the Protective Order. The undersigned further certifies that he or she voluntarily submits to the personal jurisdiction of this Court for purposes of enforcement of the above-specified Protective Order. The undersigned agrees not to further disclose or use materials designated as CONFIDENTIAL for <u>any</u> purpose other than in connection with the lawsuit styled *Scott Friedman v. United States of America, et al.*

DATED this _____ day of _____, 20___.

_____
[Signature]

_____
[Printed Name]

_____
[Title]

_____
[Address]

_____
[Address]

STATE OF _____ )
                          ) ss.
COUNTY OF _____ )

Subscribed and sworn to before me this
_____ day of _____, 20__,
by _____.

_____
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2018, I electronically filed the **STIPULATION AND ORDER REGARDING CONFIDENTIALITY** with the Clerk of Court using the CM/ECF system, which will cause the document to be served upon the following counsel of record in this case:

| | |
|---|---|
| Gregory W. Addington | greg.addington@usdoj.gov, CaseView.ECF@usdoj.gov, joanie.silvershield@usdoj.gov |
| Ines Olevic-Saleh | iolevic@sbaihlaw.com |
| Jacqueline Victoria Nichols | jnichols@maclaw.com, sboggs@maclaw.com |
| James R. Olson | chartle@ocgas.com |
| Jesse M. Sbaih | jsbaih@sbaihlaw.com, aduarte@sbaihlaw.com, iolevic@sbaihlaw.com, jdavidson@sbaihlaw.com |
| Lisa A. Rasmussen | lisa@lrasmussenlaw.com, Alex@LRasmussenlaw.com, Jim@RasmussenLaw.onmicrosoft.com, Secretary@lrasmussenlaw.com |
| Melanie A. Hill | Melanie@MelanieHillLaw.com, tdells@cox.net |
| Nicholas Crosby | ncrosby@maclaw.com, sboggs@maclaw.com |
| Phillip R. Emerson | receptionist@emersonlawgroup.com, emersonlawgroup@gmail.com |
| Stephen G. Castronova | sgc@castronovalaw.com, theresa@castronovalaw.com, vicky@castronovalaw.com |
| Thomas D. Dillard | tdillard@ocgas.com, mburgener@ocgas.com |

/s/ Melanie A. Hill
An Employee of Melanie Hill Law PLLC