# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

SCOTT FRIEDMAN,

    Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

2:18-CV-00857-JCM-VCF

**ORDER CLARIFYING PLAINTIFF'S JURY DEMAND, AND RELIEF REQUESTS SEEKING ATTORNEYS' FEES, PREJUDGMENT INTEREST AND PUNITIVE DAMAGES BASED ON THE FEDERAL TORTS CLAIMS ACT**

Before the court are the Government's Motion to Strike Jury Demand (ECF No. 131), Motion to Strike Claims for Attorneys' Fees, Prejudgment Interest, and Punitive Damages (ECF 132), Notice of Failure to File Response to Motion to Strike Jury Demand (ECF No. 140), Notice of Failure to File Response to Motion to Strike Plaintiff's Claims for Attorneys' Fees, Prejudgment Interest, and Punitive Damages (ECF No. 141), Plaintiff's Response to the Government's Notices of Failure to File Responses (ECF No. 142), Response in Opposition to the United States' Motion to Strike Jury Demand (ECF NO. 150), Response in Opposition to the United States' Motion to Strike Claims for Attorney's Fees, Prejudgment Interest and Punitive Damages (ECF No. 151), United States' Reply Memorandum in Further Support of Motion to Strike Jury Demand (ECF No. 152), and United States' Reply Memorandum in Further Support of Motion to Strike Claims for Attorneys' Fees, Prejudgment Interest, and Punitive Damages (ECF No. 153). In connection with these motions, the court decided Plaintiff's Motion to Stay Responses to Government's Motions (ECF No. 136) after holding a hearing on February 27, 2019. (ECF No. 149).

It is now apparent on the record that the parties agree that (1) Plaintiff may not recover attorneys' fees, prejudgment interest or punitive damages based on his Federal Tort Claims Act Case under Section 2402, 28 U.S.C.; and (2) issues related solely to Plaintiffs Federal Tort Claims Act counts must be tried to the judge.

The Government's Motion to Strike Jury Demand states, "only claims against the United States in this action are claims under the Federal Tort Claims Act (FTCA) and such actions are, by statute, tried to the Court without a jury." (ECF No. 131). The Government states in its Motion to Strike Claims for Attorneys' Fees, Prejudgment Interest, and Punitive Damages "claims against the United States are based exclusively on the Federal Tort Claims Act (FTCA) and plaintiffs' recovery under the FTCA, if any, is statutorily limited to exclude attorneys' fees, prejudgment interest, and punitive damages." (ECF No. 132).

Plaintiff's Response in Opposition to the United States' Motion to Strike Jury Demand states, "Plaintiff does not disagree that Title 28, United States Code, Section 2402 precludes a trial by jury against the United States for the claims that currently remain against the United States and potentially any additional claims that could be added against the United States because this is not a tax case.

Plaintiff's Response in Opposition to the United States' Motion to Strike Claims for Attorney's Fees, Prejudgment Interest and Punitive Damages states, "Plaintiff's paragraph 319 of the Complaint (ECF NO. 1), erroneously makes a claim for attorney's fees under the Federal Tort Claims Act cause of action." (ECF No. 151). Plaintiff also states, "Plaintiff makes a general prayer for attorney's fees, punitive damages and prejudgment interest as to all named Defendants of which they[sic] are seven remaining at this time… Plaintiff understands the statutory mandates of the FTCA and understands that this relief is not available to Plaintiff in any claims against the United States." *Id.* at p. 2 & 3.

Accordingly,

IT IS HEREBY ORDERED that (1) Plaintiff may not recover attorneys' fees, prejudgment interest or punitive damages based on his Federal Tort Claims Act Case under Section 2402, 28 U.S.C.; and (2) issues related solely to Plaintiffs Federal Tort Claims Act counts must be tried to the judge.

IT IS FURTHER ORDERED that Government's Motion to Strike Jury Demand (ECF No. 131), and Motion to Strike Claims for Attorneys' Fees, Prejudgment Interest, and Punitive Damages (ECF 132), are DENIED as UNNECESSARY.

The Federal Rules of Civil Procedure must be "construed, administered and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding." Emphasis added. Fed. R. Civ. P. 1.

Local Rule 1-1(b) mandates, "It is the obligation of attorneys, as officers of the court, to work toward the prompt completion of each case . . . "

Limiting the scope of plaintiff's jury demand and prayers for relief in his complaint, based on the undisputed applicable provisions of the Federal Torts Claim Act, should have been accomplished by the stipulation of counsel. Three separate motions, generating three responses and two replies, were wasteful. Counsel violated their obligations as officers of the court. No sanctions will be imposed at this time, but counsel and the parties are admonished to first attempt to resolve issues by stipulation before filing motions such as these in the future.

DATED this 5th day of March, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE