UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SCOTT FRIEDMAN, | Case No. 2:18-CV-857 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is defendants Thayne Larson, Gene Tierney, and Matthew Zito's (the "FBI agents") motion for entry of judgment pursuant to Rule 54(b). (ECF No. 130). Plaintiff Scott Friedman filed a response (ECF No. 157), to which the FBI agents replied (ECF No. 160).

Also before the court is defendant United States of America's ("United States") motion for judgment on the pleadings. (ECF No. 133). Friedman filed a response (ECF No. 158), to which the United States replied (ECF No. 159).

Also before the court is Friedman's motion to dismiss. (ECF No. 135). Defendant Tali Arik filed a response (ECF No. 146), to which Friedman replied (ECF No. 155).

**I.  Facts**

Plaintiff Friedman filed this action against the defendants on May 11, 2018. (ECF No. 1). The complaint is 95 pages long and references an additional 435-plus pages of exhibits identified and filed as exhibits A-X. (ECF Nos. 1, 2, 3, 17–24). The complaint names eleven defendants including the United States, three FBI agents (agents Larson, Tierney, and Zito), three Las Vegas Metropolitan Police Department ("LVMPD") officers (officers Joe LePore, Darren Heiner, and Jason Hahn), LVMPD, two individuals (Tali Arik and Julie Bolton), and Arik Ventures, LLC ("Arik Ventures"). (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

This litigation involves a federal criminal prosecution against Freidman for federal wire charges. *Id*. Friedman alleges that defendants engaged in various unlawful activities before and during Friedman's criminal case. *Id*. The complaint contains the following factual allegations:

Friedman was an LVMPD police officer for fifteen years and retired in August 2012. *Id*. During his employment with the LVMPD, Friedman also had a real estate business where he would buy and sell, renovate, and rent homes in the Las Vegas area. *Id*. In 2004, Freidman became acquainted with Arik, who is a cardiovascular surgeon in Las Vegas. *Id*. Friedman and Arik subsequently formed a business relationship focusing on the purchase of property in Las Vegas. *Id*.

In mid-2009, Friedman became concerned about Arik's ability to pay money that Friedman previously loaned to Arik in furtherance of their joint venture. *Id*. Friedman organized a meeting with Arik to discuss his concerns, in which Arik told Friedman that he owed money to another person, Michael Panik, and that his debt to Panik took priority over his other debt obligations. *Id*. Arik insisted that he would be amendable to repaying Friedman if Friedman facilitated the payments to Panik. *Id*. Friedman eventually agreed to transmit funds from Arik to Panik. *Id*. Thereafter, Arik repaid Friedman. *Id*. However, Friedman's efforts to resolve his concerns regarding his loan caused Arik to become angry and resentful towards Friedman. *Id*.

In early 2010, Arik prepared a written statement (the "2010 written statement") containing false allegations regarding a fraud scheme in which he was a victim. *Id*. The fraud scheme that Arik described centered on a real estate venture called the "Back Canyon Estates" project in California. *Id*. The 2010 written statement implicated Friedman in the fraud scheme. *Id*. Thereafter, Arik met with FBI agent Tierney and provided the 2010 written statement to support his efforts to solicit a criminal investigation of Friedman's activities. *Id*. The U.S. Attorney's office subsequently informed Arik that it had declined to take any action. *Id*.

In mid-2011, Arik initiated a state-court civil lawsuit to recover financial losses that he incurred as a result of the Back Canyon Estates venture. *Id*. The lawsuit named multiple defendants including the LVMPD and Friedman. *Id*. As a result of the lawsuit, the LVMPD investigated Friedman and, eventually, forced him to take an early retirement. *Id*.

Thereafter, in 2011 and early 2012, Arik and his long-time girlfriend, Bolton, made various representations to the U.S. attorney's office and the LVMPD to induce a criminal prosecution against Friedman. *Id*. In June 2012, the FBI opened an investigation into Arik's allegations of fraud against Friedman. *Id*.

FBI Agents Tierney, Zito, and Larson conducted the investigation despite possessing the 2010 written statement by Arik, which was exculpatory as to Friedman's guilt. *Id*. The government eventually brought criminal charges against Friedman and two co-defendants. *Id*. Shortly before trial, the government informed Friedman's counsel that the LVMPD had found a previously undisclosed "box of materials" that contained the 2010 written statement. *Id*. After reviewing the materials, the government re-assessed the viability of the case against Friedman and moved to dismiss all charges. *Id*.

On May 11, 2018, Friedman initiated this lawsuit. *Id*. The complaint asserts multiple causes of action, which Friedman organized in the following manner: (1) Federal Tort Claims Act ("FTCA") claims against the United States for malicious prosecution, abuse of process, false imprisonment, intentional infliction of emotional distress, and negligence; (2) violation of the Fourth and Fifth Amendments against the FBI agents; (3) civil conspiracy against Arik and the FBI agents; (4) malicious prosecution against LePore, Heiner, and Hahn; (5) civil conspiracy against Arik, the FBI agents, Lepore, Heiner, and Hahn; (6) malicious prosecution against Arik and Bolton; (7) champerty and maintenance against Arik and Bolton; (8) defamation against Arik; (9) slander against Arik and Bolton; (10) false imprisonment against the FBI agents, LePore, Heiner, and Hahn; (11) civil conspiracy against Arik, Bolton, the FBI agents, LePore, Heiner, and Han; (12) intentional infliction of emotional distress against all defendants; (13) aiding and abetting against all defendants; and (14) alter ego against Arik Ventures. (ECF No. 1).

On January 7, 2019, the court dismissed the following claims: (1) all claims against the FBI agents; (2) malicious prosecution, abuse of process, false imprisonment, intentional infliction of emotional distress, civil conspiracy, and negligence against the United States; (3) civil conspiracy pursuant to *Bivens*, intentional infliction of emotional distress, champerty and maintenance, defamation, and aiding and abetting against Arik; (4) alter ego against Arik Ventures;

and (5) malicious prosecution, champerty and maintenance, intentional infliction of emotional distress, and defamation against Bolton. (ECF No. 121).

On January 17, 2019, Arik filed an answer and counterclaim asserting a single cause of action for abuse of process against Friedman. (ECF No. 124). In the answer and counterclaim, Arik alleges that Friedman defrauded him out of approximately $181,200.00 by accepting payments from Arik without using those funds to invest in the Back Canyon Estates project or to pay off outstanding loans. *Id*. Arik then informed law enforcement officials of Friedman's actions, which resulted in Friedman losing his employment and the United States initiating criminal proceedings. *Id*. Arik further alleges that Friedman initiated this lawsuit as an act of revenge against Arik for reporting Friedman's activities to law enforcement officials. *Id*.

Now, Friedman moves to dismiss Arik's counterclaim. (ECF No. 135). The FBI agents move for Rule 54(b) judgment as there are no pending claims against them. (ECF No. 130). Lastly, the United States moves for judgment on the pleadings as to the final claim remaining against the United States. (ECF No. 133).

**II. Legal Standard**

*a. Rule 54(b) judgment*

Federal Rule of Civil Procedure 54(b) provides that when an action presents more than one claim for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) judgments are a narrow exception to the final judgment rule, which "promotes efficient judicial administration" and emphasizes "the deference appellate courts owe to the district judge's decisions . . ." *Richardson-Merrel, Inc. v. Koller*, 472 U.S. 424, 430 (1985).

The Supreme Court has established a two-step process for district courts to determine whether Rule 54(b) judgment is appropriate. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980). First, the judgment must be final with respect to one or more claims. *See id*. A district court's judgment is final where it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

Second, district courts "determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. This analysis involves considering administrative factors such as "the interrelationship of the claims so as to prevent piecemeal appeals." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (citation omitted). Courts also look at the equities involved in the case such as prejudice and whether there is any just reason to delay appeal. *See Curtis-Wright Corp.*, 446 U.S. at 8-10.

### b. Judgment on the pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

### c. Failure to state a claim

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Three motions are pending before the court. First, the court will deny the FBI agents' motion for Rule 54(b) judgment because entering judgment would result in piecemeal appeals. Second, the court will grant the United States' motion for judgment on the pleadings because the

complaint does not plausibly allege a claim for aiding and abetting. Third, the court will grant Friedman's motion to dismiss Arik's counterclaim for abuse of process because Arik has not plausibly alleged that Friedman willfully engaged in improper conduct while in the course of a legal proceeding. Lastly, the court will correct a clerical error in its January 7, 2019, order.

*a. Rule 54(b) judgment*

The FBI agents argue that the court should enter Rule 54(b) judgment on all of Friedman's claims against the FBI agents because there is no just reason for delay. (ECF No. 130). The court disagrees.

Friedman's claims against the FBI, which the court dismissed on January 7, 2019, pertain to the same facts and pivot on the same issues as Friedman's other claims in this action—whether the defendants are liable to Friedman for their actions in furtherance of the underlying criminal prosecution. *See* (ECF No. 1). As the claims against the FBI agents are not factually and legally severable from all other claims in this action, certifying the order would risk piecemeal appeals. *See Wood v. GCC Bend, LLC*, 422 F.3d 873 (9th Cir. 2005) (reversing entry of Rule 54(b) judgment because there was a factual overlap between the respective claims).

An "assessment of the equities" also shows that entering Rule 54(b) judgment would unnecessarily drain judicial resources and be costly to the parties. *AmerisourceBergen Corp.*, 465 F.3d at 954. Granting the FBI agents' motion would force Friedman to incur the additional costs are arise from simultaneously litigating interrelated claims in district court and the court of appeals. *See* (ECF No. 157). As a result, the courts would also deplete resources adjudicating Friedman's claims in multiple tribunals. The FBI agents have not provided any substantial reason why their need for an early judgment justifies these expenses. *See* (ECF No. 130).

In consideration of the foregoing, the FBI agents have not shown that this action is an "unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Therefore, the court will deny the FBI agents' motion for entry of Rule 54(b) judgment.

James C. Mahan
U.S. District Judge

- 7 -

*b. Judgment on the pleadings*

Contrary to Friedman's contention, the United States has timely filed its motion for judgment on the pleadings because Friedman has filed a complaint and the United States has filed an answer without asserting any counterclaims or cross-claims. *See* (ECF Nos. 1, 125); *see also Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) ("the pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim is made"). Thus, the court proceeds to adjudicate the motion.

The United States moves for judgment on the pleadings with respect to Friedman's claim for aiding and abetting. (ECF No. 133). After reviewing the complaint, the court finds that Friedman has failed to plausibly allege his final claim against the United States.

To state a claim for aiding and abetting in the civil context, a plaintiff must allege (1) the primary violator breached a duty that injured the plaintiff, (2) the alleged aider and abettor "was aware of its role in promoting [the breach] at the time it provided assistance," and (3) the alleged aider and abettor "knowingly and substantially assisted" the primary violator in committing the breach. *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 112 (Nev. 1998*), overruled on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001).

Friedman alleges that in 2010 the United States and the FBI agents declined to prosecute Friedman based on the information they initially received from Arik. (ECF Nos. 1, 158). Friedman further alleges that Arik and Bolton eventually provided the United States and the FBI agents with "new facts" and exhibits pertaining to Friedman's activities, which prompted the United States and the FBI agents to commence criminal proceedings. (ECF Nos. 1, 158).

These allegations are insufficient to withstand the United States' motion because Friedman has failed to plausibly allege that the United States and the FBI agents knowingly assisted Arik in committing a breach of duty. At most, Friedman has alleged that Arik and Bolton fooled the United States and the FBI agents into believing that there was a viable criminal case against Friedman. Because duped law enforcement officials lack the requisite mental states necessary to

James C. Mahan
U.S. District Judge

- 8 -

knowingly assist in a breach of duty, the court will dismiss without prejudice Friedman's claim for aiding and abetting against the United States.[1]

   c. *Failure to state a claim*

Friedman argues that Arik has failed to allege a plausible claim for abuse of process. (ECF No. 135). The court agrees.

To state a claim for abuse of process, a plaintiff must allege "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi,* 38 P.3d 877, 879 (2002) (quotes omitted). "Malice, want of probable cause, and termination in favor of the person initiating or instituting proceedings are not necessary elements for a prima facie abuse of process claim. *Id*. (citing *Nevada Credit Rating Bur. v. Williams*, 503 P.2d 9, 12 (Nev. 1972); Restatement (Second) of Torts § 682 cmt. a (1977)).

Arik alleges that Friedman initiated this action as an act of revenge against Arik for reporting Friedman's activities to law enforcement officials. (ECF No. 124). Although exacting revenge is an ulterior purpose, "filing a complaint and proceeding to properly litigate the case" is not a "'willful act' that would not be 'proper in the regular conduct of the proceeding[.]'" *Land Baron Inv. v. Bonnie Springs Family LP*, 356 P.3d 511, 520 (Nev. 2015) (citation omitted). As Arik has not alleged any willful act other than Friedman commencing this action, the court will dismiss without prejudice Arik's counterclaim for abuse of process.

   d. *Clerical error*

Federal Rule of Civil Procedure 60(a) allows courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). A clerical error is "where what was spoken, written or recorded is not what the court intended to speak, write or record." *In re Jee*, 799 F.2d 532, 535 (1986). A court may correct errors of this type even when a clerk or magistrate judge did not commit the error. *Id*.

---

[1] The court dismisses Friedman's claim without prejudice because it is possible that Friedman could allege new facts that, if true, would allow him to prevail on an aiding and abetting claim. *See, e.g.*, *Rohm v. Homer*, 367 F. Supp. 2d 1278, 1287 n.10 (N.D. Cal. 2005).

In its January 7, 2019, order, the court dismissed Friedman's FTCA claims against the FBI agents because the FTCA is a remedy for tort actions against federal agencies, not individual tortfeasors. (ECF No. 121). The court inadvertently dismissed these claims without prejudice despite holding that Friedman's FTCA claims against the FBI agents fail as a matter of law. *See Maple v. Costco Wholesale Corp.*, 649 Fed. App'x 570 (9th Cir. 2016) (holding that claims that fail as a matter of law should be dismissed with prejudice). The court hereby corrects this clerical mistake and dismisses the claims with prejudice.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the FBI agents' motion for entry of judgment pursuant to Rule 54(b) (ECF No. 130) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the United States' motion for judgment on the pleadings (ECF No. 133) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that Friedman's motion to dismiss (ECF No. 135) be, and the same hereby is, GRANTED, consistent with the foregoing.

DATED May 7, 2019.

_____
UNITED STATES DISTRICT JUDGE