# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

SCOTT FRIEDMAN, an individual

        Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

Case No. 2:18-CV-000857-JCM-VCF

**ORDER**

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF NO. 175)

STIPULATION FOR EXTENSION OF TIME (ECF NO. 190)

      Before the Court is plaintiff Scott Friedman's motion for leave to file an amended complaint (ECF No. 175). The United States, Tali Arik, and the Las Vegas Metropolitan Police Department (including officers LePore, Hahn, and Heiner) filed their responses. (ECF Nos. 177, 178, and 180). Plaintiff filed replies. (ECF Nos. 182, 184, and 185).

      Also before the Court is the parties' stipulation for an extension of time. (ECF No. 190).

      Scott Friedman's motion to amend and the parties' stipulation are granted.

## BACKGROUND

      On May 11, 2018, Plaintiff Scott Friedman filed a complaint against multiple parties and entities related to a federal criminal prosecution that the government brought against him. (ECF No. 1). Friedman asserted fourteen causes of action, alleging that the defendants engaged in various unlawful activities before and during the prosecution of a criminal case against Friedman. (*Id.*) On November 19,

1

2018, the parties all signed and submitted to the Court for review a stipulated discovery plan and scheduling order. (ECF No. 115). The parties all agreed that the last day to file a motion to amend the pleadings or to add parties would be July 29, 2019. (*Id.* at 115). On November 27, 2018, this court granted the stipulated discovery plan and scheduling order. (ECF No. 117 at 8).

On January 7, 2019, this Court dismissed the following claims ***without prejudice***:

- malicious prosecution, abuse of process, false imprisonment, intentional infliction of emotional distress, civil conspiracy, and negligence against the USA;
- all civil tort claims against the FBI agents;
- intentional infliction of emotional distress, champerty and maintenance, aiding and abetting, and alter ego against Arik and Arik Ventures; and
- malicious prosecution, champerty and maintenance, and intentional infliction of emotional distress against Bolton.

(ECF No. 121). On May 7, 2019, the Court also dismissed the aiding and abetting claim against the USA without prejudice. (ECF No. 167). On July 29, 2019, Friedman filed his motion for leave to file his amended complaint. (ECF NO. 175). Friedman argues that his motion is timely and that the proposed amended complaint revives claims that this Court dismissed without prejudice. (*Id*. at 2). Plaintiff also alleges two new claims, negligent infliction of emotional distress against all defendants and a municipal liability claim against LVMPD. (*Id.*) Friedman alleges that the claims are partly based on new information that came to light during discovery, including his review of the previously undisclosed grand jury transcripts related to the indictment against him in the criminal prosecution. (*Id.*) The Defendants allege that Friedman brings the new claims in bad faith because he obtained the grand jury transcripts a few months ago and that the delay prejudices them. (ECF Nos. 177 at 9; 178 at 6; and 180 at 6). Defendants also allege that his claims are futile. (ECF Nos. 177 at 12; 178 at 6; and 180 at 9).

2

On August 27, 2019, the parties filed a stipulation to extend expert disclosure deadlines in the scheduling order. (ECF No. 190).

## DISCUSSION

A.  Motion for Leave to File Amended Complaint

At this point in the litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that the policy of Rule 15, "is to be applied with extreme liberality*." Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003); see also *Bowles v. Reade*, 198 F.3d 752, 755 (9th Cir. 1999) (Finding that there is a strong public policy in favor of permitting amendment). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Courts are empowered to deny leave to amend based on the futility of the amendment. See e.g., *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc*., 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig*., 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

3

The plaintiff has not previously sought leave to amend the complaint. The plaintiff filed his amended complaint a few months after discovering the grand jury testimony and on the deadline to seek leave to amend pursuant to this Court's order. The parties stipulated to the deadline to amend in the scheduling order, so the motion for leave to amend could not have been a surprise for any of the defendants. The Court finds that the plaintiff was diligent and has sought leave to amend in good faith. The Court finds that the defendants' futility arguments are better addressed through a motion to dismiss given the extreme liberality of amendment promoted by Rule 15. The Court finds that the plaintiff has met the requirements for amendment pursuant to Rule 15.

B. Stipulation to Extend Deadlines

Local Rule 26-4 states that a motion or stipulation to extend any date set by the scheduling order made after the expiration of the subject deadline will not be granted unless the movant shows good cause and demonstrates that the failure to act was the result of excusable neglect. The parties seek an extension on deadlines given the plaintiff's motion for leave to file an amended complaint. The parties filed a notice of an agreement to file a stipulation to extend deadlines on August 26, 2019, the deadline for expert disclosures set by the scheduling order. The parties have shown good cause to extend the deadlines given the amendment. The parties have also shown excusable neglect given that there are multiple parties and the parties were unable to sign off on a final agreement by August 26, 2019 but were able to file the stipulation the next day.

ACCORDINGLY,

IT IS ORDERED that Scott Friedman's motion for leave to amend his complaint (ECF No. 175) is GRANTED.

IT IS FURTHER ORDERED that Scott Friedman has until Friday, September 6, 2019 to file his amended complaint.

4

IT IS FURTHER ORDERED that the parties' stipulation (ECF NO. 190) is GRANTED and that the following new deadlines apply:

1. Expert disclosures are due Thursday, October 3, 2019;

2. Rebuttal expert disclosures are due Monday, November 4, 2019;

3. Completion of fact discovery is due Wednesday, December 4, 2019;

4. Dispositive motions, including motions for summary judgment, are due Thursday, January 3, 2020; and

5. The joint pretrial order is due Monday, February 4, 2020. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

IT IS SO ORDERED.

DATED this 3rd day of September 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE