# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

SCOTT FRIEDMAN, an individual

        Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

Case No. 2:18-CV-000857-JCM-VCF

**ORDER**

AMENDED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF NO. 260)

MOTION TO EXTEND TIME (ECF NO. 266)

Before the Court is plaintiff Scott Friedman's motion for leave to file a second amended complaint (ECF No. 260). The United States, Julie Bolton, Tali Arik, and the Las Vegas Metropolitan Police Department (including officers LePore, Hahn, and Heiner) filed their responses. (ECF Nos. 269, 271, 274, and 278). Plaintiff filed replies. (ECF Nos. 270, 281, 283). Also before the Court is Friedman's motion to extend time to file his reply to LVMPD's opposition. (ECF No. 266). None of the defendants filed a response.

Scott Friedman's motion to amend is denied and his motion to extend time is granted.

**I.    Background**

On May 11, 2018, Plaintiff Scott Friedman filed a complaint against multiple parties and entities related to a federal criminal prosecution that the government brought against him. (ECF No. 1). On November 19, 2018, the parties all signed and submitted to the Court for review a stipulated discovery

1

plan and scheduling order. (ECF No. 115). The parties all agreed that the last day to file a motion to amend the pleadings or to add parties would be July 29, 2019. (*Id.* at 115)

On January 7, 2019, this Court dismissed multiple claims without prejudice. (ECF No. 121). The Court dismissed plaintiff's intentional infliction of emotional distress claim, finding that it failed to state a claim for relief because, "[t]he complaint d[id] not contain any allegations regarding Friedman's emotional distress other than stating that he suffered '[p]hysical pain and suffering and extreme emotional trauma, suffering, and distress requiring the expenditure of money for treatment of the emotional distress.'" (*Id.* at 8, citing to ECF No. 1). The Court also held that, "[s]uch conclusory remarks are insufficient to support a plausible claim for intentional infliction of emotional distress." (*Id.* citing to *Iqbal*, 556 U.S. 662, 678).

On July 29, 2019, Friedman filed his first motion for leave to file an amended complaint and the Court granted that motion. (ECF Nos. 175 and 191). On September 6, 2019, plaintiff filed his first amended complaint (ECF No. 193) and then filed a declaration under seal regarding plaintiff's allegations of emotional distress. (ECF No. 194). The Court ordered the declaration (ECF No. 193) stricken because it violated Local Rule 15-1, which requires that proposed amended complaints must be complete in and of itself without reference to the superseded pleading, and it must include copies of all exhibits referred to in the amended pleading. (ECF No. 255).

Friedman now files a motion to file a second amended complaint. (ECF No. 260). Plaintiff wishes to file a second amended complaint to correct what he refers to as errors in his first amended complaint, such as 1) referring to agents as defendants; and 2) excluding defendant USA from his request for punitive damages and certain attorneys' fees. (ECF No. 260 at 2). Plaintiff also wishes to detail his physical manifestations of emotional distress in his amended complaint. (*Id.* at 2).

The defendants argue that allowing Friedman to amend his complaint now would cause undue

delay and prejudice them because discovery is over, and an amendment would moot their pending motions to dismiss the first amended complaint. (ECF Nos. 269 at 8; 271 at 6; 274 at 4; and 278 at 4).

**II.     Discussion**

Pursuant to Federal Rule of Civil Procedure 8(e), "[p]leadings must be construed so as to do justice." At this point in the litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that the policy of Rule 15, "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003); see also *Bowles v. Reade*, 198 F.3d 752, 755 (9th Cir. 1999) (Finding that there is a strong public policy in favor of permitting amendment). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Undue delay and the failure to cure deficiencies through prior motions to amend along with continuing undue prejudice to the defendant provide grounds for the denial of further amendment. *See generally, Foman v, Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under Fed. R. Civ. P. 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015); citing to

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

The Ninth Circuit has declared that when a party files a motion for leave to amend after the date set forth in Rule 16 scheduling order, "the party [can] not appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion ha[s] to satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original). "The denial of a motion to amend a complaint is reviewed for abuse of discretion." *Johnson* 356 F.3d at 1069. Under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion."

Plaintiff filed his motion to amend after the date set forth in Rule 16 scheduling order, so plaintiff may not appeal to the liberal amendment procedures afforded by Rule 15. Plaintiff has not shown good cause to amend the operative complaint because plaintiff may not repeatedly amend a complaint to correct errors. When the Court dismissed plaintiff's emotional distress claim a year ago, the Court found that Friedman's complaint did not contain allegations of his emotional distress. Plaintiff should have been on notice that his complaint must contain allegations of his emotional distress.

Discovery is over in this case and the dispositive motion deadline is February 3, 2020 (ECF No. 256 at 3), so a second amendment would cause undue delay. The plaintiff has also already had a chance to amend. The defendants would be prejudiced if the Court allowed plaintiff to amend his complaint now given that this case is close to an end. The plaintiff will not be prejudiced because the Court will construe plaintiff's operative complaint to do justice pursuant to Rule 8. The plaintiff has not shown good cause to bolster his complaint now with any additional allegations of his emotional distress, or to correct any perceived errors.

Because none of the defendants opposed plaintiff's motion for an extension of time to file a reply, they have consented to granting that motion.

ACCORDINGLY,

IT IS ORDERED that plaintiff Scott Friedman's motion for leave to file a second amended complaint (ECF No. 260) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to extend time to file his reply (ECF No. 266) is GRANTED.

IT IS SO ORDERED.

DATED this 17th day of January 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE