# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| SCOTT FRIEDMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, GENE M. TIERNEY, individually and in his official capacity as an FBI Agent; MATTHEW A. ZITO, individually and in his official capacity as an FBI Agent; THAYNE A. LARSON, individually and in his official capacity as an FBI Agent; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JOE LEPORE, P#6260, individually and in his official capacity as an officer of the LAS VEGAS METROPOLITAN POLICE DEPARTMENT; DARREN HEINER, P#2609, individually and in his official capacity as an officer of the LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JASON HAHN, P#3371, individually and in his official capacity as an officer of the LAS VEGAS METROPOLITAN POLICE DEPARTMENT; TALI ARIK; an individual; JULIE BOLTON, an individual; and ARIK VENTURES, an entity formed by Tali Arik,<br><br>Defendant. | Case No.: 2:18-cv-00857-JCM-VCF<br><br>**REPORT AND RECOMMENDATION AND ORDER**<br><br>(1)   JOINT MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT BY DEFENDANTS TALI ARIK AND ARIK VENTURES, AND PLAINTIFF SCOTT FRIEDMAN (ECF NO. 312); AND<br>(2)   MOTION FOR LEAVE TO SEAL THE AMOUNT OF SETTLEMENT BETWEEN DEFENDANTS TALI ARIK AND ARIK VENTURES, AND PLAINTIFF SCOTT FRIEDMAN (ECF NO. 313) |

Joint Motion for Determination of Good Faith Settlement by Defendants Tali Arik and Arik Ventures, and Plaintiff Scott Friedman ("Motion for Good Faith Settlement") (ECF No. 312), and Motion for Leave to Seal the Amount of Settlement Between Defendants Tali Arik and Arik Ventures, and Plaintiff Scott Friedman ("Motion to Seal") (ECF No. 313) having come on for hearing on the 14th day of April 2020, and Lisa Rasmussen, Esq. and Melanie Hill, Esq. appearing on behalf of Plaintiff Scott Friedman ("Plaintiff" or "Mr. Friedman"), Jesse Sbaih, Esq., appearing on behalf of Defendants Tali Arik ("Dr. Arik") and Arik Ventures (collectively "the Arik Defendants"), Greg Addington, Esq. appearing on

1

behalf of Co-Defendant United States of America, and Nicholas Crosby, Esq. appearing on behalf of Co-Defendants Las Vegas Metropolitan Police Department, Joe Lepore, and Darren Heiner, and the Court having reviewed the pleadings and papers on file herein, having held a telephonic hearing on the matter, and good cause appearing, the Court makes the following findings:

## I.

## FINDINGS OF FACTS

The Arik Defendants and Mr. Friedman (collectively, the "Settling Parties") engaged in good faith and arms-length negotiations which resolved this matter as to Mr. Friedman's claims against the Arik Defendants only, and had filed the subject Motion for Good Faith Settlement. (ECF No. 312). Pursuant to the Settling Parties' agreement, the settlement terms are confidential, and a Motion to Seal the settlement amount so as to preserve the confidentiality was filed as ECF No. 313.

On May 11, 2018, Mr. Friedman filed the above-captioned matter against Dr. Arik, Arik Ventures, Julie Bolton, the United States government, the Las Vegas Metropolitan Police Department ("LVMPD"), and individuals from the FBI and LVMPD. (ECF No. 1). In his Complaint, Mr. Friedman essentially argued that Dr. Arik conspired with his co-defendants to secure a criminal indictment and prosecution of Mr. Friedman for wire fraud and conspiracy to commit wire fraud. *Id.*

On August 14, 2018, the Arik Defendants filed a Motion to Dismiss Mr. Friedman's Complaint. (ECF No. 54). On January 7, 2019, the Court issued an order dismissing Arik Ventures and some of Mr. Friedman's claims against Dr. Arik. (ECF No. 121). In the same Order, this Court dismissed the individual claims against FBI agents Tierney, Zito, and Larson. *Id.*

Plaintiff reached a settlement with Defendant Julie Bolton in December 2019. (ECF No. 284). Plaintiff also dismissed Defendant Jason Hahn from this case by stipulation and order. (ECF Nos. 292 and 300). At this time, after settling with the Arik Defendants, the remaining co-defendants are: The

United States of America, LVMPD, Joe Lepore, and Darren Heiner (collectively, the "Remaining Co-Defendants").

On March 12, 2020, Dr. Arik filed the subject Motion for Good Faith Settlement (ECF No. 312) and the Motion to Seal (ECF No. 313).

The Remaining Co-Defendants did not file an opposition to Motion for Good Faith Settlement or the Motion to Seal.

On April 1, 2020, Dr. Arik filed a Notice of Non-Opposition to Motion for Good Faith Settlement (ECF No.316) and a Notice of Non-Opposition to Motion to Seal (ECF No. 317).

On April 14, 2020 a telephonic hearing was held on the matter. During the hearing, the Remaining Co-Defendants, through their counsel, confirmed their non-opposition to granting of the Motion for Good Faith Settlement and the Motion to Seal.

## II.

## CONCLUSIONS OF LAW

Pursuant to NRS § 17.245, "any joint tortfeasor in a multi-defendant tort action may obtain protection from claims of contribution and implied indemnity by settling with the tort claimant in good faith." *The Doctors Co. v. Vincent*, 120 Nev. 644, 645, 98 P.3d 681, 683 (2004). District courts in Nevada assess the following factors when determining whether a settlement is made in good faith pursuant to NRS § 17.245: "[t]he amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983).

First, the amount paid in settlement is the most persuasive factor in this matter, particularly in light of the fact that Arik Ventures had been previously dismissed from the action, some of the individual claims

against Dr. Arik were previously dismissed, and that extensive discovery during the past year revealed various strengths and weaknesses in the claims asserted by Plaintiff and the defenses asserted by Dr. Arik. Consequently, the Settling Parties both entered into negotiations and arrived at complete settlement. Since the Settling Parties understand both the risks inherent in litigation and the costs and resources required therein, the Settling Parties have decided to resolve this matter prior to having to prepare dispositive motions and possibly prepare for trial. Indeed, the amount submitted to the Court and the Remaining Co-Defendants under seal is reflective and reasonable with respect to the potential liability, if any, of the Arik Defendants in this matter.

The second factor concerning the allocation between Plaintiffs is not applicable due to Mr. Friedman being a single party. Regarding insurance limits, Arik Ventures (which was dismissed from the action in January 2019) did not have insurance for defense and/or indemnity for the claims brought by Mr. Friedman in this matter. On the other hand, Dr. Arik has a $300,000.00 homeowner's policy and a $5,000,000.00 umbrella policy with Farmers Insurance Company.

In addition, Arik Ventures' financial condition is non-existent as it has been defunct for years. As to Dr. Arik, his financial condition did not play a role in settlement discussions since Dr. Arik has abundant insurance coverage.

Finally, no collusion, fraud or tortuous conduct aimed to injure the Remaining Co-Defendants exists. For nearly a week, the Settling Parties engaged in lengthy and protracted settlement discussions during which each side articulated the potential cost and exposure if the matter were to proceed to trial. Based on such arm's length and good faith negotiations, the Settling Parties reached a number they could live with to halt the litigation and save resources.

It follows that the Remaining Co-Defendants will suffer no harm by this Court's approval of the settlement and finding that it was entered into in good faith.

In light of the Court's consideration of the above, the Court finds that the subject settlement was entered in good faith.

Additionally, the Settling Parties stipulated to a resolution of this matter with the mutual agreement to keep confidential the settlement amount. The United States District Court for the District of Nevada has previously held "that the confidentiality of the Settlement Agreement outweighs the public's right to access" when "the parties reached a settlement and signed the Settlement Agreement in reliance on the condition that the terms of the Settlement Agreement would remain confidential." *United Rentals, Inc. v. Ahern Rentals, Inc.*, No. 2:12-cv-01876-JCM-VCF, 2012 WL 5418355, *1 (D. Nev. Nov. 2, 2012). In this matter, the Settling Parties' interest in maintaining the confidentiality of the settlement outweighs the public's interest in knowing the specific settlement amount. Further, the Settling Parties' request to submit the settlement amount under seal is "'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Blain v. Titanium Metals Corp.*, No. 2:18-cv-00462-APG-NJK, 2019 WL 1207929, *1 (D. Nev. Mar. 14, 2019) (internal citation omitted).

Therefore, the Court finds that good cause exists for sealing of the un-redacted Motion for Good Faith Settlement which indicates the amount of the settlement among the Settling Parties.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**

(1) Joint Motion for Determination of Good Faith Settlement by Defendants Tali Arik and Arik Ventures, and Plaintiff Scott Friedman (ECF No. 312) is GRANTED;

(2) Any claims for equity indemnity and/or contribution against Defendants Tali Arik and Arik Ventures are foreclosed by finding that the settlement with Plaintiff Scott Friedman was made in good faith pursuant to NRS § 17.245; and

(3) Motion for Leave to Seal the Amount of Settlement Between Defendants Tali Arik and Arik Ventures, and Plaintiff Scott Friedman (ECF No. 313) is GRANTED.

IT IS RECOMMENDED that any and all claims against Defendants Tali Arik and Arik Ventures be dismissed.

DATED this 22nd day of April, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE