UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SCOTT FRIEDMAN, | Case No. 2:18-CV-857 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Scott Friedman's motion asking this court to reconsider its award of fees and costs to Defendants Las Vegas Metropolitan Police Department, Jason Hahn, Darren Heiner, and Joe LePore (collectively "LVMPD"). (ECF No. 346). LVMPD responded in opposition (ECF No. 353) to which Friedman replied (ECF No. 354).

Also before the court is Friedman's motion for a one day extension to file a reply in support of his motion to reconsider because the CM-ECF system was down for maintenance on the deadline day. (ECF No. 355).

**I.   Background**

This malicious prosecution case arises out of a now-dismissed criminal indictment of retired LVMPD detective Scott Friedman. Defendant Tali Arik was defrauded by nonparty Martin McClain in a California land deal. (ECF No. 193 at 14–15). Arik contacted various state and federal law enforcement agencies about the land deal and implicated Friedman. (*Id.* at 14–16). Arik also sued Friedman and LVMPD in August 2011. (*Id.* at 16–26).

The investigations and Arik's lawsuit prompted LVMPD to investigate Friedman's alleged involvement in the land deal. (*Id.* at 26–29). The FBI took over the investigation from

**James C. Mahan**
**U.S. District Judge**

LVMPD in 2012 and Friedman was later indicted by a federal grand jury in 2014 for conspiracy to commit wire fraud and wire fraud. (*Id.* at 32–36). Friedman alleged that LVMPD and the FBI had an exculpatory 400-page written statement made by Arik in 2010. (ECF No. 344 at 2). The FBI forwarded Arik's statement to the United States attorney's office in September 2016 and the federal government dismissed the criminal charges against Friedman shortly thereafter. (ECF No. 193 at 42–44).

The gravamen of Friedman's case against Arik, LVMPD, and various LVMPD officers was malicious prosecution. (*Id.* at 46–49). The court granted summary judgment for LVMPD after finding that LVMPD did not actively participate in the federal investigation or initiate charges against Friedman. (ECF No. 321 at 11 ("The LVMPD defendants had no hand in the investigation once the FBI took over. . . . Although LVMPD turned over what information it had, the FBI wanted to start over with the investigation and would re-issue subpoenas for the financial records related to the investigation." (internal quotation marks omitted))).

LVMPD then moved for attorney's fees and costs, arguing that Friedman's claims were "frivolous, meritless, and groundless." (ECF No. 325). This court granted the request, awarding $115,632.16 in attorney's fees and $6,593.28 in costs:

> Based on the allegations in his complaint, Friedman knew that the LVMPD defendants did not commence a criminal prosecution against him. The LVMPD defendants argue that Friedman brought this lawsuit "to harass and intimidate LVMPD into giving [Friedman] his retirement credentials, especially in light of the fact that [his] prior litigation attempt to obtain his retirement credentials was dismissed with prejudice." (ECF No. 340 at 2). Friedman sent a letter midlitigation, demanding his retirement credentials. Id.
>
> Thus, the court finds that Friedman brought his claims against the LVMPD defendants in bad faith. His theory of the LVMPD defendants' liability [was] belied by the allegations in his complaint, and his demand for retirement credentials evinces bad faith.

(ECF No. 344 at 4–5).

Friedman now asks this court to reconsider. (ECF No. 346). Friedman also filed a notice of appeal on August 30, 2020. (ECF No. 348). The appellate proceedings are being held in abeyance pending this court's resolution of the instant motion. *Scott Friedman v. USA, et al.*, Case No. 20-16687, Dkt. Entry 7 (9th Cir. Sept. 23, 2020).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); LR 59-1(b) ("Motions for reconsideration are disfavored."). Reconsideration is appropriate under Rule 59(e) only if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* Fed. R. Civ. P. 60(b).

A motion for reconsideration should not "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880. It also should not "repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citation omitted); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005). It is inappropriate to ask the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, 2013 WL 508326, at *6 n.6 (D. Nev. 2013) (Mahan, J.).

## III. Discussion

As a preliminary matter, there is good cause to grant Friedman's motion for an extension of time. (ECF No. 355). An extension will further the judicial purpose of ensuring that the motion is decided on the merits. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010). Further, the motion was timely and LVMPD will not be prejudiced by an extension.

Friedman asks this court to reconsider its award of fees and costs to LVMPD because the court "may have misapprehended relevant facts." (ECF No. 346 at 2). As aforementioned, the court awarded fees and costs because Friedman's "theory of the LVMPD defendants'

**James C. Mahan**
**U.S. District Judge**

liability [was] belied by the allegations in his complaint, and his demand for retirement credentials evinces bad faith." (ECF No. 344 at 4–5).

In his motion for reconsideration, Friedman says he did not file this lawsuit in bad faith to obtain his retirement credentials. (ECF No. 346 at 2). He filed this lawsuit because the "discovery in the criminal case made clear that LVMPD participated in the investigation that led to his indictment and prosecution for over two years." (*Id.*). If he wanted his credentials, he would have asked for them in his offer of judgment in January 2020. (ECF No. 354 at 4).

Friedman also objects to this court's ruling that he knew all along that that it was the federal government and not LVMPD that prosecuted him. Friedman asks the court to consider what he "knew and when he knew it" (ECF No. 346 at 7) and to address "LVMPD's continued integral role in the prosecution." (ECF No. 354 at 4).

Specifically, when Friedman retired in August 2012, he was denied his retirement credentials without an explanation. (ECF No. 346 at 3). He sued LVMPD for his credentials in 2014 and the case was dismissed with prejudice. (*Id.*). In October 2019, while litigating this case, Friedman's attorneys discovered from Friedman's former supervisor that he was denied his retirement credentials because he was under federal investigation at the time he retired. (*Id.* at 4). Friedman's attorneys then sent a mid-litigation letter to LVMPD as "there was no reason for the ongoing denial of his credentials given the dismissal of the criminal case." (*Id.* at 5).

In response, LVMPD paints Friedman as a "disgruntled, former employee harassing its former employer through litigation. Knowing that he was precluded from filing another action to obtain his retirement credentials, plaintiff utilized the instant lawsuit to attempt to gain leverage and harass LVMPD into producing his retirement credentials." (ECF No. 353 at 7).

Reconsideration is inappropriate here because Friedman does not offer newly discovered evidence, proof of clear error or manifest injustice, or an intervening change in controlling law. Instead, Friedman offers arguments that could have and should have been raised in opposing LVMPD's request for fees and costs. (ECF No. 353 at 3–4 (quoting a declaration in which Friedman's attorney candidly admits not giving "enough oxygen" to

**James C. Mahan**
**U.S. District Judge**

LVMPD's bad faith/credentials argument)). He also seeks to relitigate findings made at summary judgment regarding LVMPD's role in his prosecution. (ECF No. 354 at 4 ("This Court granted LVMPD's motion for attorney's fees without addressing LVMPD's continued integral role in the prosecution . . . .")).

What's more is that Friedman's relitigating of the facts does not show that the court committed clear error. Friedman claims he first learned why his credentials were withheld when he retired in litigating this case. (ECF No. 346 at 4). But LVMPD offers an excerpt of Friedman's deposition where he testified that, in April 2014, he inquired about his credentials and his supervisor mentioned a pending FBI investigation in response. (ECF No. 353 at 4). In short, Friedman's complaint, his testimony, and his attorney's declaration prove that he was aware in 2014 that his credentials were denied because of an FBI investigation. (*Id.* at 5).

Furthermore, LVMPD repeats its longstanding argument that Friedman's complaint was "riddled with contradicting statements that rendered his claims against LVMPD frivolous." (ECF No. 353 at 5). It specifically points to paragraph 212 of Friedman's initial complaint where he admits that no indictment or criminal complaint was filed against him because of LVMPD's investigation.[1] (*Id.* at 6). This is clear evidence that this case was frivolous and brought in bad faith which makes an award of fees and costs appropriate.

At bottom, even if the court "may have misapprehended relevant facts," these misapprehensions do not amount to clear error. And most importantly, Friedman had the chance to offer his version of the truth in opposing summary judgment and LVMPD's fee request. Because Friedman seeks to relitigate past findings without any newly discovered evidence or intervening change in controlling law, his motion for reconsideration is denied.

IV. **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Friedman's motion for an extension of time (ECF No. 355) be, and the same hereby is, GRANTED.

---

[1] While LVMPD point to Friedman's initial complaint, his first amended complaint contains the same language. (ECF No. 193 at ¶ 145).

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that Friedman's motion for reconsideration (ECF No. 346) be, and the same hereby is, DENIED.

DATED December 7, 2020.

                                                             _____
                                                             UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**